IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Clinton Brinson, # 16871-056, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:14-4209-JMC-KFM |
| | ) |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| | ) |
| M. Travis Bragg, *Warden,* | ) |
| Lieutenant Hicks, Lieutenant Crisasi, | ) |
| Lieutenant Moore, Lieutenant Dunbar, | ) |
| Lieutenant Herron, Lieutenant Edwards, | ) |
| J. Anderson, *Officer*, S. Brock, *Officer*; | ) |
| NFN Ortiz, *Case Manager*, and | ) |
| NFN Burnette, *Case Manager,* | ) |
| | ) |
| Defendants. | ) |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases challenging prison conditions or conditions of confinement.

The plaintiff is an inmate at FCI-Yazoo Medium in Yazoo City, Mississippi. The plaintiff is serving a sentence of 270 months for conspiracy to possess with intent to distribute crack cocaine. His conviction was entered in the United States District Court for the Eastern District of North Carolina. *See Brinson v. O'Brien*, Civil Action No. 7:07cv00103, 2007 WL 853806, at *2 (W.D.Va. Mar. 16, 2007). At the time the plaintiff filed this *Bivens* action, he was confined at FCI-Bennettsville in Bennettsville, South Carolina. The above-

---

[1] In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *Id. See also Osabutey v. Welch*, 857 F.2d 220, 221–223 (4th Cir.1988).

captioned case concerns the plaintiff's fears that he would be attacked by other inmates at FCI-Bennettsville and prison disciplinary proceedings. On pages 2 and 4 of the complaint, the plaintiff states that on June 24, 2014, "the SIS lady had me removed from the compound telling me that a lot of inmates had dropped kites against me threatening to do something to me because I wouldn't let the Hispanics look at TV with me in the smaller of the TV rooms in A-1 Unit" (doc. 1 at 2 and 4).[2] When the plaintiff was taken to another cell, he refused to enter a two-person cell because he was afraid that he would be attacked by another inmate (*id*.). The plaintiff's refusal resulted in disciplinary charges (doc. 1-2 at 1). Also, the plaintiff was charged with threatening an officer (*id*. at 2–3). The plaintiff was convicted in the prison disciplinary proceeding, but upon appeal to the Federal Bureau of Prisons ("BOP") Central Office, the disciplinary conviction was remanded to the institution for a rehearing (*id*. at 17). The plaintiff has not disclosed the disposition (if any) of the matter on rehearing.

Although not alleged in the complaint (doc. 1), the plaintiff, in his Documentation of Informal Resolution Attempt, alleged that defendant Anderson had assaulted him by ramming his body into the plaintiff's arm "on the holding cell bars" (doc. 1-2 at 16). In his prayer for relief, the plaintiff seeks termination of the defendants from their employment in the BOP, fifty million dollars in "actual" damages, and fifty million dollars in punitive damages (doc. 1 at 4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson*

---

[2]Pages 2 and 4 of the complaint may be been intended by the plaintiff to be sequential pages. They are not sequential in the scanned image (doc. 1) because of an apparent collation error by the plaintiff.

*v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Both state and federal prisons are required to protect inmates from attack by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials have duty to protect prisoners from violence "at the hands of other prisoners"), which was an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief.").[3]  In other words, Eighth Amendment claims for failure to protect may be brought for injunctive relief to avoid future injury. *See Corey v. Cartedge*, Civil Action No. 9:11-1078-HFF-BM, 2011 WL 5870040, at *4–5 (D.S.C. June 30, 2011), *adopted by*, 2011 WL 5877071 (D.S.C. Nov. 21, 2011).

On January 30, 2015, the plaintiff notified the court that he had been moved to FCI-Yazoo from FCI-Bennettsville.  Moreover, the plaintiff was successful in his appeal of his disciplinary conviction to the BOP Central Office.  As a result of the plaintiff's transfer and successful BOP appeal, this case is moot concerning the plaintiff's request for injunctive relief. *See Weinstein v. Bradford*, 423 U.S. 147, 148–49 (1975); *Incumaa v.*

---

[3]At the time *Woodhous* was decided, inmate attacks were evaluated under a negligence standard.  Although the negligence standard for § 1983 actions was superannuated by later case law, *Woodhous* is still good law on the issue of an inmate's right to seek injunctive relief to prevent inmate attacks.

3

*Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007); and *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); *see also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

Although the plaintiff has requested damages for his fear of being placed in a cell with another inmate, he was never assaulted by another inmate. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the plaintiff is not entitled to relief for mental stress or emotional distress. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 558–59 (D.S.C. 2008) (collecting cases). The alleged assault by Officer Anderson is not actionable in the above-captioned case because it was not raised in the complaint. *See Al-Haqq v. Pate*, Civil Action No. No. 2:13-2867-JFA-WWD, 2014 WL 4389781, at *2 (D.S.C. Sept. 3, 2014) ("Last of all, while the Court liberally construes *pro se* complaints, . . . it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint."). Furthermore, this court cannot terminate the defendants from their positions with the BOP as requested by the plaintiff. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

March 3, 2015                                      s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).