IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Charles Brinson, # 16871-056, ) | |
| ) | Civil Action No. 6:14-cv-04209-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| M. Travis Bragg, Warden, ) | |
| Lieutenant Hicks, Lieutenant Crisasi, ) | **ORDER AND OPINION** |
| Lieutenant Moore, Lieutenant Dubar, ) | |
| Lieutenant Herron, Lieutenant Edwards, ) | |
| J. Anderson, Officer, S. Brock, Officer; ) | |
| NFN Ortiz, Case Manager, and ) | |
| NFN Burnette, Case Manager, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Charles Brinson ("Plaintiff"), a federal prisoner proceeding pro se, seeks relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald, for pre-trial handling. On March 3, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's case be dismissed without prejudice. (ECF No. 25.)

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (See ECF No. 25.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Plaintiff is an inmate at FCI-Yazoo Medium in Yazoo City, Mississippi, who is serving a sentence of 270 months for conspiracy to possess with intent to distribute crack cocaine. (ECF

1

No. 25. at 1.) At the time Plaintiff filed this Bivens action, he was confined at FCI-Bennettsville in Bennettsville, South Carolina. (Id.) The instant case concerns Plaintiff's fears that he would be attacked by other inmates at FCI-Bennettsville and prison disciplinary proceedings. (Id. at 1-2.) In his Complaint (ECF No. 1), Plaintiff states that on June 24, 2014, he was removed from the compound due to threats from other inmates. (Id. at 2.) When Plaintiff was taken to another cell, he refused to enter a two-person cell because he was afraid that he would be attacked by another inmate. (Id.) Plaintiff's refusal resulted in disciplinary charges, and he was additionally charged with threatening an officer. (Id.)[1] Plaintiff was convicted in the prison disciplinary proceeding, but upon appeal to the Federal Bureau of Prisons ("BOP") Central Office, the disciplinary conviction was remanded to the institution for a rehearing. (Id.)[2] In his prayer for relief, Plaintiff seeks termination of Defendants from their employment in the BOP, fifty million dollars in "actual" damages, and fifty million dollars in punitive damages (Id.)

On March 3, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's case be dismissed without prejudice. (ECF No. 25.) Specifically, the Magistrate Judge found that Plaintiff's claim for injunctive relief was moot, because Plaintiff had been transferred to FCI-Yazoo from FCI-Bennettsville and because he was successful in appealing his disciplinary conviction.[3] (Id. at 3.) Additionally, the Magistrate Judge found that Plaintiff was not entitled to damages because he only claimed emotional distress and was never assaulted by another inmate. (Id. at 4.) Furthermore, the Magistrate Judge noted that

---

[1] Plaintiff clarifies that the disciplinary charge relevant to his complaint was a charge for refusing to obey a direct command, which he received when he refused to move into a two-person cell. (ECF No. 28 at 1.) (See also ECF No. 1-1 at 10.)

[2] Plaintiff claims that his disciplinary conviction was overruled on remand, but he fails to provide documentation. (See ECF No. 28. at 2.) Instead, Plaintiff instructs the court to contact "Case Manager Taylor" to verify the overturned conviction. (Id.)

[3] Plaintiff claims his disciplinary conviction was overruled on remand. (ECF No. 28. at 2.)

2

the court did not have authority to terminate Defendants. (Id.) Therefore, the Magistrate Judge recommended that Plaintiff's case be dismissed without prejudice and without service of process. (Id.)

Plaintiff timely filed his objections to the Report on March 27, 2015. (ECF No. 28.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite

specificity, then de novo review by the court is not required.

Plaintiff timely filed his objections to the Report on March 27, 2015. (ECF No. 28.) First, Plaintiff made a non-specific objection to the Magistrate Judge's finding that Plaintiff's case was moot as to his claim for injunctive relief. (ECF No. 28 at 3-5.) Additionally, Plaintiff generally objects to the Magistrate Judge's finding that he was not entitled to damages for mental stress or emotional distress, but offers no authority in support of his proposition that an inmate can receive damages from "a reasonable fear of inmate assaults," even in the absence of an actual injury. (Id. at 3-4.)[4] Because Plaintiff failed to properly object to the report with specificity, the court does not need to conduct a de novo review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315. The court does not find clear error.

Thus, this court finds that the Magistrate Judge was correct in concluding that Plaintiff's case should be dismissed without prejudice. Accordingly, this court adopts the recommendation of the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF No. 25). It is therefore ordered that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

---

[4] Plaintiff has most likely confused the rules for injunctive relief and damages. Namely, "Eighth Amendment claims for failure to protect may be brought for injunctive relief so that prisoners may avoid future injury." Corey v. Cartedge, Civil Action No. 9:11-1078-HFF-BM, 2011 WL 5870040, at *5 (D.S.C. June 30, 2011). In contrast, the inmate must show physical injury to receive monetary damages. See id. at *4; 42 U.S.C. § 1997e(e).

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

October 21, 2016
Columbia, South Carolina

5